Fraser, Appellant, *v.* Hathaway, Appellee.

(No. 3908—Decided November 23, 1942.)

*Messrs. Openlander & Jacobson,* for appellant.
*Messrs. Marshall, Melhorn, Davies, Wall & Bloch*
and *Mr. W. A. Belt,* for appellee.

Overmyer, J. The appellant, as plaintiff, filed an action in Common Pleas Court against the defendant for damages for personal injuries suffered by her as a result of a collision between an automobile in which she was riding as a passenger and operated by the owner, a Mrs. Kelley, and a delivery truck owned by defendant and operated by his agent. The collision occurred at an intersection in this county in June 1941, and there was maintained at the intersection a regulation green and red traffic light.

Issues were joined and upon trial a verdict resulted in favor of the defendant. Judgment having been en-

tered on the verdict, the plaintiff appeals and the only errors urged upon the court relate to a question of procedure which arose during the deliberations of the jury.

Each contending party claimed the benefit of a green light when entering the intersection. Mrs. Kelley, owner and driver of the car in which plaintiff was riding, was the first witness called for the plaintiff, and after stating that she was driving easterly on U. S. route 20 and that plaintiff was riding on her right side in the front seat, she testified on the subject of the traffic light as follows:

"Q. Now as you approached the intersection there of route 20, upon which you were traveling, with the Holland-Sylvania road, did you notice a traffic light? A. Yes.

"Q. And tell the jury, please, what that traffic light indicated, so far as green or red is concerned, when you first saw it? A. Well, when we first saw the light it was red. We were * * *.

"Q. Where were you then? (Witness says about 250 to 300 feet from it.)

"Q. And what did you do then so far as driving the car is concerned? A. I took my foot off the gas and idled it a little bit and then I had shifted into second and then I slowed down so that I changed into low gear, and just went a little way, very short distance that way, and then Mrs. Fraser said to me, 'Light's changed green; go ahead on twenty,' or something to that effect, and I said 'yes,' and I went into second gear, and I didn't have a chance to go into high before the collision."

After the trial had been concluded and the jury charged and had deliberated, the record shows the bailiff was summoned to the jury room and given a message to be given to the trial judge, which was done. The message, unsigned by anyone, reads:

"Did Mrs. Kelley testify that she saw the green light before she started across the intersection. or did she only take Mrs. Fraser's word for it?"

On this original message, which is an exhibit, the first part of the double question is in ink in one person's handwriting, the word *or* is in pencil, and the last part is in ink in other handwriting. This is mentioned parenthetically, not because we consider it important.

From the record it appears the court discussed the message with counsel, and counsel for the plaintiff orally moved that the testimony of Mrs. Kelley, "at least so far as necessary to answer the question," be read to the jury, "or that they be advised that Mrs. Kelley testified that she herself saw the light which was green, in her favor."

Counsel for defendant argued that the question as propounded could not be answered by the court, and further that the whole matter rested within the sound discretion of the court. Upon consideration, the court denied the motion of plaintiff's counsel and sent to the jury room by the bailiff the following note:

"It is for the jury to determine from their recollection of the evidence what the testimony of any witness was and what the facts of the case are."

Counsel for plaintiff objected to the procedure and assign this as the error entitling her to a reversal, the jury upon further deliberation having found for defendant, ten members concurring.

It is the vew of this court, considering Mrs. Kelley's testimony above quoted, the trial judge could have had the jury brought before him and have answered the first part of the question in the affirmative, which would have automatically disposed of the last part, or second question. However, considering the whole matter from that part of the record relating to it, we do not find such an abuse of discretion in what was done as to warrant a reversal.

Section 11420-6, General Code, provides as follows:
"After the jurors retire to deliberate, if they disagree as to the testimony, or desire to be further informed on the law of the case, they may request the officer in charge to conduct them to the court, which *shall* give the information sought upon *matters of law,* and also, in the presence of or after notice to the parties or their counsel, *may* state its recollection of the *testimony* upon a disputed point." (Italics ours.)

There is no ambiguity in the language of the above statute. The court *is required,* upon request made to the officer in charge of the jury that it desires more information on matters of law, to give them such information. The court is *not required to,* but may state its recollection of the testimony upon a disputed point.

Later, in support of a motion for new trial, plaintiff tendered the foreman of the jury as a witness before the trial court, proposing to examine him under oath touching the proceedings in the jury room and as to the authors of the message sent to the trial judge, how many jurors were in doubt as to the testimony of Mrs. Kelley, and generally the circumstances leading up to the message and the verdict. The trial court very properly sustained objections to the inquiry and this court is of the view that the offers to prove as shown in the record made on that hearing further indicate the incompetency of the proposed inquiry.

Finding no prejudicial error in the respects complained of, the judgment of the Court of Common Pleas will be affirmed and the cause remanded for execution for costs.

*Judgment affirmed.*

LLOYD and CARPENTER, JJ., concur.